IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10262

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL RAMIREZ; DOMIRO DELGADILLO,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Northern District of Texas, Fort Worth
(4:97-CR-46-2-Y)

_____

January 14, 1999

Before JOLLY, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIUM:[*]


Manuel Ramirez and Domiro Delgadillo were convicted of
conspiracy to possess cocaine with intent to distribute and
attempted possession of cocaine with intent to distribute. Both
appeal arguing that they were denied effective assistance of
counsel and that the district court erred in admitting testimony
prejudicial to the defendants. They both also argue that the
district court was unfair in its treatment of defense counsel. In
addition, Delgadillo contends that there was insufficient evidence

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

to support his conviction. We decline to review the claim regarding ineffective counsel, as that issue has not been addressed in the district court and the record is not adequately developed to support a ruling on appeal. Because we find the evidence sufficient to support these convictions and the district court's evidentiary rulings and conduct with respect to counsel to have been within the court's discretion, we affirm the district court's judgment.

Ramirez and Delgadillo argue that the ineffective assistance of their counsel resulted in their convictions. Under United States v. Morgan, 117 F.3d 849, 862 (5th Cir. 1997), if the defendants do not raise the issue of ineffective assistance of counsel in the district court, the claim cannot be resolved on direct appeal unless the record allows a fair evaluation of the merits of the claim. In this case, the merits of the appellants' allegations have not been addressed below and there is therefore no record on appeal with which we can resolve this issue. Ramirez and Delgadillo argue on appeal that their counsels' ineffectiveness was so blatant that there are no factual issues that could be developed in a lower court proceeding. After reviewing the record in this case, we cannot agree. A key issue in determining whether counsel's assistance was effective is understanding the trial strategy of the lawyers who presented the case. We do not believe that such a determination can be made in this case without providing a forum for the testimony of the lawyers who actually tried the case. We note, however, that our decision here does not

prejudice Ramirez and Delgadillo's rights to raise this issue in a habeas corpus proceeding.

In addition, Delgadillo argues that the evidence did not support his convictions. The standard of review for a challenge of the sufficiency of the evidence is whether a rational fact-finder, viewing the evidence in a light most favorable to the government, could have found it established the essential elements of the crime beyond a reasonable doubt. United States v. Jaras, 86 F.3d 383, 386-87 (5th Cir. 1996).

We conclude that the jury had before it sufficient evidence to convict Delgadillo. There was testimony that Delgadillo attended a meeting to arrange the purchase of cocaine from a government informer; that he agreed to front some of the money to purchase the cocaine; that he stood watch while his codefendant Ramirez tested the quality of the cocaine; that he was present at the arranged meeting to purchase the cocaine; and that, while the transaction was taking place, he accurately described the means of payment for the cocaine to an undercover agent. Although the jury could have questioned the credibility of this evidence, if believed, it is sufficient to support Delgadillo's conviction.

Ramirez and Delgadillo also argue that the district court committed a number of procedural errors that prejudiced their case. They contend that the district court erred by admitting into evidence testimony that third parties associated with them engaged in drug-related activities. They also argue that, when the district court instructed the jury to disregard a witness's

3

comment, the district court erred by not granting a motion for a mistrial.  Finally, they argue that the district court improperly chastised defense counsel within the presence of the jury.

After a careful review of the record and the arguments in the briefs, we find no evidence that the district court erred.  The evidence that was admitted was relevant.  The district court was not compelled to grant a mistrial where, in its judgment an instruction to the jury to disregard testimony sufficed.  Finally, the comments made by the district court to defense counsel in the presence of the jury did not prejudice the outcome of the trial.

We therefore AFFIRM the district court in this case without prejudice to Ramirez and Delgadillo's ineffective assistance of counsel claims.

A F F I R M E D.